**DONE and SIGNED September 29, 2026.**

JOHN W. KOLWE
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

IN RE: NORLTON MARKS JR — Case Number: 24-51022

Chapter 13

Debtor(s)

**FIRST AMENDED ORDER CONFIRMING CHAPTER 13 PLAN**

This Order pertains to the amended chapter 13 plan filed on August 18, 2026, (ECF #45) (the "Plan").

The Plan was served on the trustee and creditors in accordance with FRBP 3015 and LBR 3015-1. Debtor[1] appeared and was examined at a meeting of creditors conducted in accordance with 11 U.S.C. § 341(a). Finding that the Plan with any modification made at the confirmation hearing meets the requirements of 11 U.S.C. §§ 1322 and 1325:

**IT IS ORDERED** that the Plan is **CONFIRMED**;

**IT IS FURTHER ORDERED THAT** the Debtor shall comply with and adhere to the following provisions and requirements:

## I. PLAN PAYMENTS; TAX RETURNS AND REFUNDS; OTHER PAYMENTS

**A. Regular Monthly Plan Payments**. The Debtor's monthly Plan payment will commence on December 21, 2024 and continue on the same day of the month for 60 months. The payments shall be:

$1,910.00 per month for 2 months
$2,160.00 per month for 39 months

If this is an Amended/Modified Plan, as of the date of filing the Amended/Modified Plan, 19 months of payments have elapsed, and the Debtor has made total Plan payments to the Chapter 13 Trustee totaling $22,730.00.

For a total Plan length of 60 months totaling $110,790.00.

**B. Tax Refunds and Filing of Tax Returns.**

1 The term "Debtor" refers to both debtor spouses in a joint bankruptcy case

**1.** **<u>Pledge of Tax Refunds</u>**. The Debtor will turn over to the Chapter 13 Trustee tax refunds (both federal and state) for the following years:

Tax years pledged: <u>2024, 2025 & 2026 excluding EIC & ACTC</u>

These committed tax refunds are in addition to regular Plan payments. **NOTE: The tax refunds required to be turned over to the Chapter 13 Trustee by the Debtor include the refunds payable to the Debtor's spouse even if the Debtor's spouse did not file for bankruptcy.**

**2.** **Tax Returns**. No later than **TEN (10)** days after a tax return is filed with a taxing authority, the Debtor must provide to the Trustee a filed copy of each federal and state income tax return required by law for each tax year the Debtor is in this case. **NOTE: The Debtor must provide copies of his or her tax return to the Chapter 13 Trustee even for tax years that do not include a pledge of the tax refund. Also, the tax returns filed by the Debtor's spouse must be submitted to the Trustee even if the Debtor's spouse did not file for bankruptcy.**

**C.** **<u>Other Payments</u>**. If Section 2.5 of the Debtor's Plan provides for additional payments, then those payments shall be turned over to the Chapter 13 Trustee as follows:

Additional payments (including proceeds from causes of action): .

## II. OTHER REQUIREMENTS AND PROVISIONS

**A.** **<u>Restrictions on Borrowing Money</u>**. The Debtor shall not incur any consumer debt, including without limitation the refinancing of real estate or borrowing from a retirement account, without first obtaining permission from the Bankruptcy Court. This restriction applies to the Debtor and the Debtor's spouse even if the Debtor's spouse did not file for bankruptcy.

**B.** **<u>Restrictions on Selling Property</u>**. Neither the Debtor nor the Debtor's spouse shall sell, dispose of, or transfer any property without first obtaining court permission to do so. This restriction applies to the Debtor's spouse even if the Debtor's spouse did not file for bankruptcy.

**C.** **<u>Change in Circumstances</u>**. The Bankruptcy Code and applicable case law of the United States Court of Appeals for the Fifth Circuit require that all debtors, during the pendency of their Chapter 13 case, disclose changes in their assets, income, and expenses. Accordingly, Debtor(s) shall fully and timely disclose to the Chapter 13 Trustee (and amend applicable bankruptcy schedules when appropriate) any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which the Debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. This disclosure requirement applies to the Debtor's spouse even if the Debtor's spouse did not file for bankruptcy.

**D.** **<u>Insurance</u>**. The Debtor must maintain insurance on all property that serves as collateral for any of the Debtor's debts, including the Debtor's home and vehicle(s).

**E.** **Deadline for Creditors to File Deficiency Claim**. Unless the court orders otherwise, a secured creditor whose collateral is surrendered must amend a timely filed proof of claim to assert a deficiency, if any, within 120 days (240 days if the collateral includes immovable property) after the date of the entry of this Order. If a deficiency claim is not timely filed, the surrender shall constitute full satisfaction of the debt owed to such creditor.

**F.** **Profit and Loss Statements**. If the Debtor or the Debtor's spouse is self-employed or owns or operates a business of any kind, then upon request, the Debtor will provide monthly profit and loss statements from the operation of the business to the Chapter 13 Trustee.

**G.** **Revesting**. Property of the bankruptcy estate will revest in the Debtor after a discharge is granted or, if the case is dismissed or closed without a discharge, in accordance with 11 U.S.C. § 349 and any order of the court. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as the trustee deems appropriate or as required by law or court order.

*******